IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDILBERTO P. MENDOZA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-1626-L-BK |
| | § | |
| 4H4RI TX DFW LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edilberto Mendoza filed a *pro se* complaint challenging the state court judgment in a forcible detainer action. (Doc. 3). Simultaneously, he filed his motion to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the motion to proceed *in forma pauperis* (Doc. 5) be denied and that this case be dismissed for want of prosecution.

**I. BACKGROUND**

On May 10, 2013, after concluding that Mendoza would not suffer undue financial hardship, the Court ordered him to pay the $350.00 filing fee by no later than June 7, 2013. (Doc. 6). The order advised Mendoza that, if he failed to comply, the denial of his motion for leave to proceed *in forma pauperis* would be recommended, and his action would be subject to dismissal without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). To date, Mendoza has neither paid the requisite filing fee nor sought an extension of time to do so.

## II. ANALYSIS

    A.    <u>Denial of Motion to proceed *In Forma Pauperis*</u>

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Mendoza lists joint income of $3,900 for next month ($2,000 for his wife, $1,900 for himself) and monthly expenses of $2,800. (Doc. 5 at 1, 4-5). Mendoza and his wife also have about $4,500 in checking/savings accounts and $1,000 in cash. *Id.* at 2. In light of this information, the Court concludes that Mendoza will not suffer undue financial hardship after payment of the $350.00 filing fee, and that his motion to proceed *in forma pauperis* should be denied.

    B.    <u>Involuntary Dismissal</u>

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Mendoza has been given ample opportunity to pay the requisite filing fee. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without

prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to proceed *in forma pauperis* (Doc. 5) be **DENIED**, and that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED June 21, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear from the *pro se* complaint when the claims accrued for purposes of the statute of limitations. Thus, the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).